## Odell Typewriter Co. v. Sears, Roebuck & Co.

1. SALES—*To Agents—Burden of Proof.*—When a sale is made to an agent, the burden of proof, in an action to recover the purchase price from the principal, is upon the seller to show that the agent had authority to bind his principal.

**Appeal** from the Superior Court of Cook County; the Hon. JESSE HOLDOM, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1899. Affirmed. Opinion filed January 30, 1900. Rehearing denied.

**Statement.**—The appellant brought this suit to the court below to recover of appellee the sum of $900, which it was alleged was the contract price of one hundred typewriters

purchased by appellee of appellant. A jury was waived, the cause submitted to the court and finding entered in favor of appellee. To reverse the judgment entered upon that finding this appeal is prosecuted.

The appellant company is engaged in the manufacture and sale of typewriters, and appellee company is engaged in the mail order business, and advertises goods by means of a catalogue, issued semi-annually.

Foster, a salesman representing appellant, called at the place of business of appellee soliciting trade. He says that he was introduced to F. D. Quinn as being the "buyer of the stationery department and the one who had authority to place orders of that kind." There is no testimony tending to show who made such introduction or statement. A conversation occurred between Foster and Quinn, the result of which was that Quinn stated that he would call and have a further talk with the officers of the typewriter company before placing an order. In this interview a price was given (so Foster testified) of $9 each for the typewriters.

Subsequently Quinn called at the place of business of appellant company and there saw Mr. Knight, the vice-president of the company. Foster was also present part of the time. Mr. Knight and Mr. Foster testify that an order was then given appellant for 100 typewriters at $9 each, to be delivered and paid for upon the issuance of appellee's next catalogue, then in preparation. After said interview appellant furnished to appellee material for an advertisement and a cut of the machine to be inserted in appellee's catalogue, and a catalogue was subsequently issued containing the advertisement and cut so furnished by appellant, and thereupon 100 machines were tendered to appellee, who refused to accept and pay for the same.

Between the time of said interview and the tender of said machines, Quinn, on behalf of appellee, ordered, on two different occasions, a typewriter, both of which were furnished by appellant and paid for by appellee in the due course of business, at the price of $9 each.

BULKLEY, GRAY & MORE, attorneys for appellant.

Loeb & Adler, attorneys for appellee.

Mr. Presiding Justice Horton delivered the opinion of the court.

It must first be determined in this case whether said Quinn was agent for appellee, with authority to place an order for 100 typewriting machines, and if not, then whether appellant had a right to presume, as against appellee, that Quinn had such authority.

Quinn testified that he did not in fact have such authority. No one testified that he had. It can not, therefore, be held, from the testimony in this case, that any such authority existed.

Had appellant a right to presume, from the facts and circumstances shown, and as against appellee, that Quinn had such authority? The evidence does not show that appellant ever had any business dealings with appellee prior to the transaction in question, either through said Quinn or otherwise; or that said Foster or said Knight ever knew, or knew of, said Quinn prior to the interviews with him set out in the above statement; or that Quinn had had dealings of a like nature on behalf of appellee with any other person; or that appellee had ever in any manner held said Quinn out to appellant or elsewhere, as its agent, with authority to make any purchases on its account.

There is no testimony tending to show who introduced Foster to Quinn, or that any person connected with appellee knew of such introduction. Neither does the testimony show that any one connected with the appellee, except said Quinn, ever heard of the order or contract in question, until about the time of the tender of 100 machines by appellant to appellee. The mere fact that Quinn was in the employ of appellee, and that Foster found him there, does not establish authority in Quinn to go to the place of business of appellant and make the alleged contract.

The testimony does not show very clearly the character or mode of conducting the business of appellee. Whether appellee kept in stock goods advertised in its catalogue, or

purchased goods to fill orders as received, or did both, is not definitely shown, although Mr. Knight testified that Mr. Quinn said that appellee did not advertise anything unless they had a complete stock of same on their shelves. The furnishing by appellant of the material for an advertisement, and the publishing of the same in its catalogue by appellee is consistent with either mode of doing such business. It is also consistent with either mode of doing such business for appellee to contract for a definite number or quantity of the goods advertised in its catalogue, or to contract for so many as might be needed to fill such orders as it should receive from time to time. Hence the fact that appellant furnished the material for, and that appellee published, said advertisement, does not necessarily sustain the contention that appellee thereby confirmed an order by said Quinn for a definite number of machines.

As it was consistent with the mode of doing business, such as that conducted by appellee, that said Quinn might be authorized to purchase articles from time to time to fill orders received for goods advertised in said catalogue, it does not follow that he was authorized to contract for the absolute purchase of a quantity of such goods before any advertisement as to the same appeared in said catalogue.

The authority of said Quinn to make said contract as agent of appellee is not established. Neither does it appear that appellee ratified said contract as an absolute purchase of one hundred machines. The fact that said Quinn ordered and paid for two machines, each order being for one machine only, does not strengthen or corroborate the contention of appellant that there was a contract for the absolute sale and purchase of one hundred machines, but rather the contrary.

The judgment of the Superior Court is affirmed.